FILED

November 29, 2016

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time: 8:24 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| DARLENE NOEL, | ) | Docket No. 2016-08-0069 |
| Employee, | ) | |
| v. | ) | |
| EAN HOLDINGS, LLC, | ) | State File No. 9570-2015 |
| Employer, | ) | |
| And | ) | |
| FARMINGTON INS. CO., | ) | Judge Allen Phillips |
| Insurance Carrier. | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on November 7, 2016, upon the Request for Expedited Hearing filed by Darlene Noel pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Noel requested medical and temporary disability benefits for an alleged head injury on January 23, 2015. EAN Holdings disputed her entitlement to the requested benefits on grounds that she failed to produce adequate proof of medical causation. Accordingly, the central legal issue is whether Ms. Noel came forward with sufficient evidence to show entitlement to any of the requested benefits. For the following reasons, the Court holds Ms. Noel came forward with sufficient evidence to show she is likely to prevail at a hearing on the merits regarding entitlement to certain medical benefits but that she has not come forward with sufficient evidence to show entitlement to temporary disability benefits.[1]

### History of Claim

At all relevant times, Ms. Noel worked for EAN at its Alamo Rental Car location at Memphis International Airport. On January 23, 2015, Ms. Noel was

---

[1] The Court provides a complete listing of the Technical Record and Exhibits admitted at the Expedited Hearing in an Appendix attached to this Order.

1

walking toward a set of automatic sliding glass doors in the common area of the rental car service desks. Whether by her inadvertence, malfunction of the doors, or a combination thereof, Ms. Noel walked into a less than fully opened door and struck her head against the glass.

Initially, Ms. Noel attributed the event to her own clumsiness and embarrassingly "laughed it off." However, as time passed, she felt dizzy and as if her head were "spinning." Ms. Noel was transported to Methodist Hospital by ambulance. No records of that visit are in evidence, but Ms. Noel testified emergency room providers told her to follow up with her personal physician.

Gloria Denby works for Hertz Rental Car. Her workstation was located next to Ms. Noel's workstation at Alamo. On January 23, 2015, she saw Ms. Noel strike her head against the glass door. When describing the injury, Ms. Denby described a "hard blow" to the head that left Ms. Noel "dazed" and "out of it." She recalled Ms. Noel requiring assistance after she struck her head.

Following the event, EAN completed a First Report of Injury. (Ex. 1.) The report indicates January 23, 2015, was the date EAN became aware of the injury. *Id.* Ms. Noel testified that "Ms. Laura [sic] Smith" told her to "use [her] medical benefits under my medical insurance."[2] Ms. Noel's testimony was unclear as to whether the conversation with Ms. Smith pertained to an incident of January 16, 2015, when she injured her neck at EAN or whether it pertained to the instant incident. The Court heard a claim for the January 16, 2015 neck injury contemporaneous with this claim.

Regarding the alleged head injury of January 23, Ms. Noel testified to out-of-pocket expenses and unpaid deductibles but presented no evidence of those amounts. She took one month of "FMLA" time off from work between February 2015 and March 2015, a period when she also suffered effects from the January 16, 2015 incident. Otherwise, Ms. Noel did not miss work and remains employed full-time at EAN. She continues to experience headaches and to receive medical treatment from personal physicians.

The only medical record placed into evidence was a note from Debora Dowda, FNP from February 6, 2015.[3] In that note, Ms. Dowda recorded Ms. Noel

---

[2] Ms. Noel did not identify Ms. Smith in her testimony. However, the Court notes Ms. Lori Smith completed a First Report of Injury regarding the neck injury incident of January 16, 2015. *See* Ex. 1. On that report, Ms. Smith identifies herself as a "Supervisor II" at "The Frank Gates Service Co."

[3] EAN objected to admission of this record on grounds that the record did not bear "an electronic signature." The Court overruled the objection because the record bore the typed name of Debora Dowda, FNP with the notation "Electronically signed by: Debra Dowda." (Ex. 3 at 6.) EAN also objected to admission of the record on grounds that it was drafted by a nurse practitioner rather than a physician. As such, the record could not support a finding of causation. The Court overruled the objection because

presented in, "follow-up of her work related injury. She has been unable to work due to HA and skeletal pain." (Ex. 3 at 1.) Ms. Dowda assessed chest wall pain, hypertension, diabetes, arthralgia of the shoulder region, headache syndromes, and cervicalgia. *Id.* at 5. The plan was for Ms. Noel to return in one month "for release for work if appropriate," to "await FMLA papers," and to refer to "neuro and podiatry." *Id.* at 6. The "projected date to return to work" was March 2, 2015. *Id.*

Ms. Noel testified she had seen a neurologist who informed her that she had suffered a series of "mini-strokes." The timing of these events was unclear, but she did not attribute them to the event of January 23, 2015. However, Ms. Noel wants EAN to pay her medical bills and provide ongoing treatment for any head injury that may have resulted from striking the glass door.

For its part, EAN argued that a "mere notation in a medical record [of an] on-the-job injury is insufficient to prove work-relatedness" in the absence of an expert medical opinion causally linking the incident to the injury. (T.R. 5 at 6.) Because there was "no identified injury and no medical reference of any kind to establish any injury or its cause," the Court must deny Ms. Noel's claim. *Id.* at 7.

EAN also argued the area where the accident occurred was a "public area," and, as such, removed Ms. Noel's injury from being incident to her employment. EAN argued this fact prevents any award of benefits to Ms. Noel.

### Findings of Fact and Conclusions of Law

*Standard applied*

An injured worker has the burden of proof on every essential element of her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). These elements include Ms. Noel showing that her alleged injury arose primarily out of and in the course and scope of her employment at EAN. Tenn. Code Ann. § 50-6-102(14) (2015). She must also show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence Tenn. Code Ann. § 50-6-102(14)(A)

---

Tennessee Compilation Rule & Regulation 0800-02-21-16(6)(b) (2015) provides that medical records signed by a physician shall be admissible. *See also Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *13 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016)(Medical records submitted as evidence must bear an indicia of reliability.). Here, Ms. Dowda's name appeared not only in the electronic signature form but also on a record in the signature line of Dr. Douglas O'Dea, identified by Ms. Noel as the medical doctor who treated her. The Court found the record bore a sufficient indicia of reliability. Notably, EAN argued the merits of the subject record in its "Position Statement." Regardless of admissibility, the record was not dispositive to the outcome. The Court addresses the remaining issue of the sufficiency of a nurse practitioner's opinions in the "Analysis" section of this Order.

3

(2015). Further, she must show, "to a reasonable degree of medical certainty that [her alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

When considering the evidence, the Court finds Ms. Noel established a specific incident on January 23, 2015. She described an incident where she struck her head on a glass door. Ms. Denby corroborated her testimony and actually described a more violent impact and dramatic aftermath than did Ms. Noel. The Court finds Ms. Noel and her witness very credible. They corroborated each other's testimony regarding the exact mode of injury, Ms. Noel's reaction, and quite importantly, Ms. Noel's behavior after the incident. Accordingly, Ms. Noel established the specific incident criteria of the statutory definition of injury.

Turning to the "arising primarily out of" requirement, the Court finds Ms. Noel has not, at this interlocutory stage of the proceedings, established an injury contributing more than fifty percent to her disablement or need for medical treatment. Ms. Noel submitted only one medical record from a nurse practitioner. A nurse's opinion is insufficient to establish causation. *Richberger v. West Clinic, P.C.*, 152 S.W.3d 505, 512 (Tenn. Ct. App. 2004). Moreover, even if the medical record were legally sufficient, there is no opinion establishing causation contained therein. Thus, the Court finds Ms. Noel has not established that she sustained an injury arising primarily out of her employment.

However, at this Expedited Hearing, Ms. Noel need not prove every element of her claim by a preponderance of the evidence. Instead, she must come forward with sufficient evidence from which the court can determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2015); *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6. Guided by this authority, the Court turns to whether Ms. Noel came forward with sufficient evidence from which it might determine she would prevail at a hearing on the merits regarding her claim for any medical benefits.

As noted, Ms. Noel established a specific incident. She also established that

EAN had notice of her injury. EAN offered no proof as to its actions after the incident. After an employee provides notice of an injury to an employer, Tennessee Code Annotated section 50-6-204(a)(1)(a) (2015) requires an "employer or the employer's agent . . . [to] furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident." This requirement attaches to a claim after the employer has adequate time for investigation of the employee's allegations. *McCord,* at *12. At that point, "[t]he injured employee shall accept the medical benefits . . . provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015).

EAN did not provide Ms. Noel a panel of physicians but, instead argued that she presented no proof of a causal relationship between her work and the injury. In resolving the dispute, the Court looks to *McCord,* the formative case on parties' obligations at the expedited hearing stage. There, our Appeals Board held:

> To date, there is no proof in the record that Employee's medical condition is causally-related to the alleged work accident. However, whether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*McCord,* at *17.

In *McCord,* as in this case, the employee established a specific work incident. Likewise, both the *McCord* employee and Ms. Noel provided notice of the incident. Finally, both the *McCord* employee and Ms. Noel were forced to seek medical attention on their own for an alleged injury. Such proof is sufficient to require EAN to provide a panel of physicians to Ms. Noel. *See McCord,* at *17.

Further, the Court finds guidance in *Lewis v. Merry Maid,* No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016). In that case, our Appeals Board affirmed an order that the employer provide a panel of physicians by stating:

> [T]he trial court determined that Employee did come forward with sufficient evidence to establish her entitlement to a panel of physicians. Specifically, the trial court noted Employee's testimony

5

that she experienced back pain after [performing her job] . . . and that she promptly informed her [supervisors] of her back pain. . . . Employer did not refute these allegations.

*Id.* at *7.

As did the employee in *Lewis*, Ms. Noel established pain after a specific incident and that EAN had notice, and the Court finds that EAN did not refute any of this evidence.

Finally, the Court respectfully disagrees with EAN's argument that the location of the incident, a public area, removes Ms. Noel from the coverage of the law. Our Supreme Court has found that injuries sustained by employees who are required to traverse a "public way" to access their work location are compensable "because such travel [is] necessary" for the employee to report to work. *Copeland v. Leaf, Inc.*, 829 S.W.2d 140, 144 (Tenn. 1992). Here, the proof establishes the door that Ms. Noel struck is used by the public and by employees.

Taken in its totality, the Court finds that Ms. Noel has come forward with sufficient evidence at this Expedited Hearing to show she is likely to prevail at a hearing on the merits that she is entitled to a panel of physicians to evaluate her injury of January 23, 2015.

*Temporary disability benefits*

Under Tennessee law, to establish entitlement to temporary total benefits (TTD), Ms. Noel must show (1) she was totally disabled to work by a compensable injury; (2) a causal connection between the injury and her inability to work; and, (3) the duration of that period of disability. *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015). At this time, Ms. Noel has not come forward with any evidence to show entitlement to temporary disability benefits. There is no medical opinion that provides a causal connection between her alleged injury and any inability to work.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Noel shall receive medical benefits from EAN for treatment of her injury of January 23, 2015, by EAN providing a panel of physicians qualified to treat head injuries from which she might choose the authorized physician.

2. Ms. Noel's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling (Status) Hearing on February 6, 2017, at 11:00 a.m. Central time.

**ENTERED this the 29th day of November, 2016.**

_____
**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

Scheduling (Status) Hearing:

A Scheduling/Status Hearing has been set with **Judge Allen Phillips, Court of Workers' Compensation Claims. You must call toll-free at 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or

by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. First Report of Injury (dated January 23, 2015);
2. Wage Statement (DOI: January 23, 2015);
3. Medical Records of Debora Dowda, FNP; and,
4. Certified copy of "Final Decree" in Knox Co. Circuit Court, No. 2-90-15.


Technical record:[4]
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Employer's Position Statement (September 14, 2016); and,
5. Employer's Pre-Hearing Brief (November 3, 2016).

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|---|---|---|---|---|
| Ms. Darlene Noel, Self-represented Employee | X | X | | 3896 Brookmeade, Memphis, TN 38127 |
| Charles E. Pierce, Esq., Attorney for Employer | | | X | cepierce@mijs.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

10